UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| URSULA Q. QUINTO, an individual,                  )<br>                                                                       )<br>                              Plaintiff,                       )<br>     v.                                                              )<br>                                                                       )<br>JPMORGAN CHASE BANK, a National        )<br>Association F/K/A WASHINGTON MUTUAL )<br>BANK; CALIFORNIA RECONVEYANCE       )<br>COMPANY, a California Corporation; and    )<br>DOES 1 through 50, inclusive,                        )<br>                                                                       )<br>                              Defendants.                   )<br>                                                                       ) | Case No.: 11-cv-02920-LHK<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS WITH<br>PREJUDICE |

Plaintiff Ursula Quinto ("Plaintiff") brings this action based on a loan obtained in 2007 secured by a deed of trust encumbering certain real property, and on the subsequent foreclosure proceedings instituted against her. Defendants JPMorgan Chase Bank, N.A. ("JPMorgan Chase") and California Reconveyance Company ("California Reconveyance") (collectively "Defendants") move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all twenty-six claims for relief in Plaintiff's Complaint on the grounds that the Complaint (1) is barred under res judicata; (2) fails to state a claim upon which relief can be granted; and (3) fails to allege the fraud-based claims with particularity as required by Federal Rule of Civil Procedure 9(b). *See* ECF No. 14. Plaintiff opposes this motion. *See* ECF No. 18. The Court finds this matter appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b) and hereby VACATES the

1

hearing and case management conference scheduled for December 1, 2011. Having considered the parties' submissions and the relevant law, the Court hereby GRANTS Defendants' motion to dismiss with prejudice.

## I. BACKGROUND

### A. Facts[1]

On January 9, 2007, Plaintiff purchased her home at 1367 King Road, San Jose, CA (the "Subject Property") with a $545,600.00 loan from Washington Mutual Bank ("Washington Mutual"), secured by a deed of trust, with California Reconveyance Company ("California Reconveyance") serving as trustee. *See* Compl. ¶ 2; Compl. Ex. 1. The deed of trust was recorded in the Santa Clara County Recorder's Office on January 18, 2007. *See* Compl. Ex. 1. On July 18, 2008, Washington Mutual assigned the deed of trust and all beneficial interest thereunder to LaSalle Bank N.A. ("LaSalle Bank") as trustee for WaMu Mortgage Pass-Through Certificates Series 2007-HY3 ("WaMu Trust"). Compl. Ex. 3; Request for Judicial Notice ("RJN") Ex. 2. That same day, LaSalle Bank as trustee for the WaMu Trust substituted Quality Loan as trustee, *see* Compl. Ex. 6, who then promptly issued and recorded on July 21, 2008 a notice of default and election to sell under the deed of trust, indicating that Plaintiff was $12,125.95 in arrears, *see* RJN Ex. 1.

In September 2008, Washington Mutual was closed by the Office of Thrift Supervision ("OTS"), and FDIC was appointed as receiver. RJN Ex. 6. On September 25, 2008, the FDIC allocated Washington Mutual's assets and liabilities in accordance with the purchase and assumption agreement entered into between the FDIC and JPMorgan Chase. *See* RJN Ex. 5. A notice of trustee's sale was recorded by Quality Loan on October 23, 2008, and sale was set for November 12, 2008. *See* Compl. Ex. 3; RJN Ex. 3. Plaintiff, however, subsequently entered into a

---

[1] The following facts are taken from Plaintiff's Complaint and judicially noticeable documents. Where, as here, the Complaint attaches exhibits, those exhibits are treated as part of the factual allegations of the Complaint for purposes of a motion to dismiss. *See Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). "Where an exhibit to a pleading is inconsistent with the pleading, the exhibit controls." *Gamble v. GMAC Mortg. Corp.*, 2009 WL 400359, at *3 (N.D. Cal. Feb. 18, 2009). For the reasons discussed below, Defendants' Request for Judicial Notice ("RJN") is granted.

loan modification agreement with JPMorgan Chase, the new beneficiary, on December 1, 2008, which was recorded May 18, 2009. *See* Compl. Ex. 4; RJN Ex. 7. The foreclosure sale therefore never took place, and a notice of rescission of the first notice of default was recorded on April 8, 2009. RJN Ex. 4.

The loan modification agreement provided that the loan would continue to be serviced under the name "Washington Mutual" with a modified principal balance of $578,690.59 to be reamortized over 458 months. *See* Compl. Ex. 4 at 3. The loan modification agreement also included a clause waiving any claims the borrower might have against JPMorgan Chase related to the loan origination or any foreclosure or power of sale proceedings conducted prior to the date of the agreement. *See* Compl. Ex. 4 at 4-5. Plaintiff again defaulted under the terms of the modified loan, and a second notice of default and election to sell under deed of trust, indicating arrears of $10,701.91, was recorded on June 18, 2009 by California Reconveyance as trustee. Compl. Ex. 5; RJN Ex. 8. A notice of trustee's sale was recorded by California Reconveyance on September 23, 2009, setting a public sale on October 13, 2009, and listing an estimated unpaid balance of $614,896.50. Compl. Ex. 8; RJN Ex. 9.

### B. Prior Proceeding

Plaintiff, proceeding pro se, filed a complaint in Santa Clara County Superior Court on October 28, 2010, bringing twenty-four claims against defendants JPMorgan Chase and California Reconveyance. Plaintiff alleged violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.*, and related state-law claims, including wrongful foreclosure under California Civil Code §§ 2924, *et seq.* *See* RJN Ex. 10. Defendants removed the case to federal court on December 22, 2010 based upon federal question jurisdiction, and moved to dismiss. *See* RJN Exs. 11, 12. The district court granted the motion to dismiss for failure to state a claim, but granted leave to amend. *See Quinto v. JPMorgan Chase Bank*, Case No. 10-cv-05845-JF, 2011 WL 809314 (N.D. Cal. Mar. 2, 2011) ("*Quinto I*"); RJN Ex. 13. Plaintiff did not file an amended complaint by the March 22, 2011 deadline, and after a hearing on March 25, 2011, at which Plaintiff failed to appear, the district court dismissed the case for failure to prosecute, and closed the file on March 31, 2011. *See* RJN Exs. 14, 15.

1      Plaintiff untimely attempted to file a first amended complaint (FAC) on April 8, 2011.  The
2 district court issued an order on April 27, 2011 noting that, because the case was closed on March
3 31, 2011, Plaintiff's purported FAC had no legal effect.  The order further advised Plaintiff that her
4 only recourse to seek relief from dismissal of her action was to file a motion under Federal Rule of
5 Civil Procedure 60(b).  *See* RJN Ex. 15; Fed. R. Civ. P. 60(b) (empowering the court to "relieve a
6 party . . . from a final judgment, order, or proceeding" where certain considerations are present).
7 Plaintiff failed to file a Rule 60(b) motion.

### C. The Instant Proceeding

Instead, Plaintiff filed a copy of her FAC with the Santa Clara County Superior Court on May 3, 2011, initiating the instant suit.  *See* ECF No. 1.  The first 181 paragraphs of the operative Complaint are nearly a word-for-word copy of the original complaint filed in the previously dismissed first action, alleging the same twenty-four claims against the same Defendants. *Compare* Compl. *with* RJN Ex. 10.  The operative Complaint, however, also includes two additional claims not previously raised.  The twenty-fifth claim, brought under California Civil Code § 2932.5, alleges wrongful foreclosure resulting from the September 23, 2009 Notice of Trustee's Sale, wherein JPMorgan is named as beneficiary, because notice of assignment of the deed of trust to JPMorgan was never recorded.  Compl. ¶¶ 186-90.  The twenty-sixth cause of action, brought under California Civil Code § 2934a, alleges that by virtue of the August 25, 2008 substitution of trustee, Quality Loan, not California Reconveyance, was the proper trustee at the time California Reconveyance filed the second Notice of Trustee's Sale on September 23, 2009, resulting in wrongful foreclosure.  *Id.* ¶¶ 193-99.

On June 14, 2011, Defendants removed the case on the basis of federal question jurisdiction, and on August 17, 2011, Defendants brought the motion to dismiss now before the Court.  *See* ECF No. 14.  On August 31, 2011, Plaintiff filed the same opposition she had filed in the prior suit, with only minor formatting changes, *see* ECF No. 18, and Defendant filed a reply on September 8, 2011, *see* ECF No. 19.

## II. LEGAL STANDARDS

### A. Motion to Dismiss Under Rule 12(b)(6)

4

Case No.: 11-cv-02920-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Moreover, pro se pleadings are to be construed liberally. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

Nonetheless, the Court need not accept as true allegations contradicted by judicially noticeable facts, and the "[C]ourt may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into one for summary judgment. *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir.), *cert. denied*, 516 U.S. 964 (1995); *see Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Nor is the Court required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (internal quotation marks and citations omitted); *accord Iqbal*, 129 S. Ct. at 1950.

Claims sounding in fraud are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). A plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To satisfy this standard, the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they

5
Case No.: 11-cv-02920-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE

have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Accordingly, claims sounding in fraud must allege "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

**B. Leave to Amend**

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and alterations omitted). Furthermore, the Court "has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Nevertheless, leave to amend may be denied if the moving party has acted in bad faith, or if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Amendment would be futile if "'the pleading could not possibly be cured by the allegation of other facts.'" *Lopez*, 203 F.3d at 1130 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (internal quotation marks omitted)).

**III. DISCUSSION**

**A. Request for Judicial Notice**

In connection with their motion to dismiss, Defendants request that the Court take judicial notice of the following documents: (1) Assignment of Deed of Trust to LaSalle Bank N.A. as Trustee for WaMu Mortgage Pass-Through Certificates Series 2007-HY3, dated July 18, 2008, and recorded with the Santa Clara County Recorder's Office on August 25, 2008 (RJN Ex. 2); (2) Notice of Default and Election to Sell Under the Deed of Trust by Trustee Quality Loan, dated July 18, 2008, and recorded with the Santa Clara County Recorder's Office on July 21, 2008 (RJN Ex. 1); (3) Notice of Trustee's Sale by Quality Loan as trustee setting a sale date of November 12, 2008, dated October 22, 2008, and recorded with the Santa Clara County Recorder's Office on October 23, 2008 (RJN Ex. 3); (4) Rescission of Notice of Default and Election to Sell Under Deed

6

of Trust by Quality Loan, dated April 6, 2009, and recorded with the Santa Clara County Recorder's Office on April 8, 2009 (RJN Ex. 4); (5) OTS Appointment of FDIC as Receiver for Washington Mutual (RJN Ex. 6); (6) Purchase and Assumption Agreement between the FDIC and JPMorgan Chase, dated September 25, 2008 (RJN Ex. 5); (7) Loan Modification Agreement between Plaintiff and JPMorgan Chase effective December 1, 2008, dated January 23, 2009, and recorded with the Santa Clara County Recorder's Office on May 18, 2009 (RJN Ex. 7); (8) Second Notice of Default and Election to Sell Under the Deed of Trust by Trustee California Reconveyance, dated June 17, 2009, and recorded with the Santa Clara County Recorder's Office on June 18, 2009 (RJN Ex. 8); (9) Notice of Trustee's Sale, recorded with the Santa Clara County Recorder's Office on September 23, 2009 (RJN Ex. 9); (10) Plaintiff's complaint filed with the Santa Clara County Superior Court on October 28, 2010, as case number 11-cv-86207 (RJN Ex. 10); (11) Notice of Removal of the above-referenced complaint to the United States District Court for the Northern District of California, filed on December 22, 2010, as case number 10-cv-05845 (RJN Ex. 11); (12) Notice of Motion and Motion to Dismiss the Complaint in case number 10-cv-05845, filed December 29, 2010 (RJN Ex. 12); (13) Order Granting Motion [to Dismiss] with Leave to Amend in case number 10-cv-05845, filed March 3, 2011 (RJN Ex. 13); (14) Dismissal of case number 10-cv-05845, entered by the court on March 25, 2011 (RJN Ex. 14); and (15) Order re: Purported 'First Amended Complaint' Filed by Plaintiff on April 8, 2011, entered and filed by the court on April 27, 2011 (RJN Ex. 15). *See* ECF No. 15.

        Although a district court generally may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, the Court may take judicial notice of documents referenced in the Complaint, as well as matters in the public record, without converting a motion to dismiss into one for summary judgment. *See Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001). A matter may be judicially noticed if it is either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

        Here, RJN Exhibits 2 (Assignment of Deed of Trust), 3 (first Notice of Trustee's Sale), 4 (Rescission of first Notice of Default), 7 (Loan Modification Agreement), 8 (second Notice of

1   Default), and 9 (second Notice of Trustee's Sale) are all duplicate copies of exhibits already
2   appended to Plaintiff's Complaint and are thus judicially noticeable under the incorporation by
3   reference doctrine. *See Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); Fed.
4   R. Civ. P. 10(c). RJN Exhibit 1 (Assignment of Deed of Trust) is a record filed with the county
5   recorder, of which courts routinely take judicial notice. *See, e.g.*, *Liebelt v. Quality Loan Serv.*
6   *Corp.*, 2011 WL 741056, at *6 n.2 (N.D. Cal. Feb. 24, 2011) (Koh, J.); *Reynolds v. Applegate*,
7   2011 WL 560757, at *1 n.2 (N.D. Cal. Feb. 14, 2011) (Breyer, J.); *Giordano v. Wachovia Mortg.,*
8   *FSB*, 2010 WL 5148428, at *1 n.2 (N.D. Cal. Dec. 14, 2011) (Fogel, J.). RJN Exhibits 5 (Purchase
9   and Assumption Agreement) and 6 (OTS Appointment of FDIC as Receiver for Washington
10  Mutual), both documents obtained from administrative agencies, are also properly noticed as public
11  records. *See Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). Finally, RJN Exhibits 10
12  through 15 are all documents filed in the prior suit that forms the basis for Defendants' res judicata
13  argument for dismissal. To determine whether to grant a motion to dismiss on res judicata
14  grounds, judicial notice may be taken of a prior judgment and other court records. *See Holder v.*
15  *Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of state court decision and related
16  filed briefs for purposes of determining prior judgment's preclusive effect).
17         Although Plaintiff opposes the Request for Judicial Notice, she offers no argument as to
18  why the submitted documents are not properly subject to judicial notice. *See* Opp'n at 36-37. The
19  Court finds that all fifteen documents may properly be judicially noticed under Federal Rule of
20  Evidence 201(b) and accordingly GRANTS Defendants' request.
21         **B. Res Judicata**
22         "Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any
23  claims that were raised *or could have been raised* in the prior action." *W. Radio Servs. Co. v.*
24  *Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (emphasis added); *accord Owens v. Kaiser Found.*
25  *Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). Res judicata is applicable whenever there is
26  "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between
27  parties." *W. Radio Servs. Co.*, 123 F.3d at 1192 (citing *Blonder-Tongue Lab. v. Univ. of Ill.*
28  *Found.*, 402 U.S. 313, 323-24 (1971)).

8
Case No.: 11-cv-02920-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE

Here, all three requirements for res judicata are met. First, the parties in the two actions are indisputably identical. Second, the first action resulted in a final judgment on the merits. Although the district court initially dismissed Plaintiff's complaint in *Quinto I* without prejudice for failure to state a claim, *see* RJN Ex. 13, Plaintiff failed to timely file an amended complaint or to appear at the case management conference, resulting in dismissal of the case with prejudice on March 25, 2011 for failure to prosecute, *see* RJN Exs. 14, 15.[2] Dismissal for failure to comply with an order requiring timely submission of an amended complaint is within the district court's discretion. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992); Fed. R. Civ. P. 41(b) (authorizing involuntary dismissal for failure to comply with a court order). The district court did not specify whether the action was dismissed with or without prejudice, but the Federal Rules of Civil Procedure provide that, unless otherwise specified, a dismissal for failure to prosecute or to comply with a court order "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002); *Owens*, 244 F.3d at 714; *United States v. Schimmels (In re Schimmels)*, 127 F.3d 875, 884 (9th Cir. 1997) ("[I]nvoluntary dismissal generally acts as a judgment on the merits for the purposes of res judicata."); *Johnson v. United States Dep't of Treasury*, 939 F.2d 820, 825 (9th Cir. 1991) (noting that dismissal for failure to prosecute is "treated as an adjudication on the 'merits' for purposes of preclusion"). Thus, the *Quinto I* dismissal constitutes an adjudication on the merits for purposes of res judicata.

Finally, the Court finds an identity of claims in the two actions, notwithstanding Plaintiff's addition of two new claims in the instant Complaint. The first twenty-four claims in the instant Complaint and the supporting factual allegations are an exact duplicate of the *Quinto I* complaint already dismissed in the earlier suit, save for a few, immaterial word choice differences.[3] Thus, Plaintiff's first twenty-four claims are clearly identical to those asserted and dismissed in her earlier action, and are clearly barred by res judicata.

---

[2] Had the district court initially dismissed the complaint in *Quinto I* with prejudice, the dismissal under Rule 12(b)(6) for failure to state a claim would also have constituted a judgment on the merits. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981).

[3] For example, paragraph 4 of the original *Quinto I* complaint refers to "Plaintiffs," while paragraph 4 of the instant Complaint refers to "Plaintiff." In both cases, Ursula Quinto is sole plaintiff.

9

Case No.: 11-cv-02920-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE

1    Plaintiff also raises two new claims in her Complaint that were not raised before the district

2   court in *Quinto I*. The twenty-fifth claim, brought under California Civil Code § 2932.5, alleges

3   wrongful foreclosure based on defective assignment of the Deed of Trust to JPMorgan Chase. The

4   twenty-sixth cause of action, brought under California Civil Code § 2934a, alleges wrongful

5   foreclosure based on defective Notice of Substitution of Trustee. That these two claims were not

6   raised in the previous lawsuit, however, does not necessarily mean they are not also barred by res

7   judicata. *See, e.g.*, *Owens*, 244 F.3d at 714 (upholding dismissal on res judicata grounds of Title

8   VII claims not previously raised where federal claims were based on the same predicate facts of

9   racial discrimination as previously litigated state law claims). "Under federal law [a Plaintiff] does

10  not avoid the bar of res judicata merely because he now alleges conduct [by Defendants] not

11  alleged in his prior suit, nor because he has pleaded a new legal theory." *Costantini v. Trans World

12  Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982). "Rather, the crucial question is whether appellant

13  has stated in the instant suit a cause of action different from those raised in his first suit." *Id.*

14   Although "[w]hat constitutes a 'cause of action' for purposes of res judicata cannot be

15  defined with precision or determined precisely by mechanistic application of a simple test," *Harris

16  v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980), the Ninth Circuit has identified four guiding

17  considerations in determining whether successive claims constitute the same cause of action: "'(1)

18  whether rights or interests established in the prior judgment would be destroyed or impaired by

19  prosecution of the second action; (2) whether substantially the same evidence is presented in the

20  two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the

21  two suits arise out of the same transactional nucleus of facts,'" *Costantini*, 681 F.2d at 1201-02

22  (quoting *Harris*, 621 F.2d at 343). Of these four, "[t]he central criterion in determining whether

23  there is an identity of claims between the first and second adjudications is 'whether the two suits

24  arise out of the same transactional nucleus of facts.'" *Frank v. United Airlines, Inc.*, 216 F.3d 845,

25  851 (9th Cir. 2000) (quoting *Costantini*, 681 F.2d at 1201); *see also Tahoe-Sierra Pres. Council,

26  Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) ("[I]dentity of claims

27  exists when two suits arise from the same transactional nucleus of facts. Newly articulated claims

28  based on the same nucleus of facts may still be subject to a res judicata finding if the claims *could*

*have been brought* in the earlier action." (internal quotation marks omitted) (emphasis added)). "Whether two events are part of the same transaction or series," in turn, "depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Int'l Union of Operating Eng'rs-Employers Constr. Indus. Pension, Welfare and Training Trust Funds v. Karr*, 994 F.2d 1426, 1429 (9th Cir. 1993) (internal quotation marks omitted). If the harm alleged in the successive complaint arose at the same time as the harm alleged in the previous action, "then there [is] no reason why the plaintiff could not have brought the claim in the first action. The plaintiff simply could have added a claim to the complaint." *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1151 (9th Cir. 2011).

      Here, the Court finds that Plaintiff's new claims under California Civil Code §§ 2932.5 and 2934a arise from the same foreclosure process and the same foreclosure documents that formed the basis for claim 23 in *Quinto I*. In particular, claim twenty-three, set forth in identical language in the previous complaint and the operative Complaint, alleges wrongful foreclosure based upon the exact same June 18, 2009 Notice of Default and September 23, 2009 Notice of Trustee's Sale that are alleged to be deficient in claims twenty-five and twenty-six. Thus, the Court finds that the new wrongful foreclosure claims under §§ 2932.5 and 2934a are based on the same transactional nucleus of facts that formed the basis for claim 23 in the previous action.

      Although satisfaction of the fourth *Costantini* factor is often sufficient to find an identity of claims for res judicata purposes without analysis of the other factors, *see Int'l Union of Operating Eng'rs*, 994 F.2d at 1430 (citing cases finding successive claims barred by res judicata based solely on analysis of the fourth factor), the Court finds that the other elements also support finding an identity of claims here. First, although the twenty-fifth and twenty-sixth claims allege certain new facts and seek relief under different sections of the California Civil Code not cited in the *Quinto I* complaint, they seek the same relief sought under the previous complaint, and thus adjudication of this second action could destroy or impair "rights or interests established in the prior judgment." *Costantini*, 681 F.2d at 1201. Second, the §§ 2932.5 and 2934a claims allege infringement of the same primary right against wrongful foreclosure alleged in the previous action. Finally, adjudication of the new claims turns on substantially the same evidence as adjudication of the

11
Case No.: 11-cv-02920-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE

previous action. Even if the new claims under California Civil Code §§ 2932.5 and 2934a would require the introduction of some different evidence, such as documents concerning the substitution of trustee, the mere "fact that some different evidence may be presented in this action . . . does not defeat the bar of res judicata." *Int'l Union of Operating Eng'rs*, 994 F.2d at 1430. Given that Plaintiff has alleged the wrongful foreclosure claims under §§ 2932.5 and 2934a alongside the previous twenty-four claims, it appears that all twenty-six claims "can be conveniently tried together." *See id.* at 1429. In light of all these considerations, the Court finds an identity of claims between the twenty-fifth and twenty-sixth claims and *Quinto I*, and concludes that the new claims are therefore likewise barred by res judicata and must be dismissed.[4]

Plaintiff was given an opportunity to file an amended complaint in her first action. When she failed to do so, the court gave her the opportunity to file a Rule 60(b) motion. Rather than exercise these court-authorized options, Plaintiff instead filed a second, duplicative lawsuit against the same Defendants in state court raising nearly identical claims to her first lawsuit. "The doctrine of res judicata serves vital public interests beyond any individual judge's ad hoc determination of the equities in a particular case." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981). Because all three elements of res judicata are present here, the Court is foreclosed from re-examining the merits of Plaintiff's claims, irrespective of what the balance of equities in her

---

[4] Furthermore, even if the twenty-fifth and twenty-sixth claims were not barred by res judicata, the Court finds they are likely without merit. It is well established that California Civil Code § 2932.5 applies only to mortgages, not to deeds of trust. *See Calvo v. HSBC Bank USA, N.A.*, 199 Cal. App. 4th 118, 123 (2011) ("The rule that section 2932.5 does not apply to deeds of trust is part of the law of real property in California."). Under California law, "[t]here is no requirement . . . that an assignment of a deed of trust be recorded in order for an assignee beneficiary to foreclose." *Yau v. Deutsche Bank Nat'l Trust Co. Americas*, 2011 WL 5402393, at *9 (C.D. Cal. Nov. 8, 2011) (internal citation omitted). Although Plaintiff appears to state a claim under § 2934a, her claim may be preempted by the Home Owners' Loan Act, 12 U.S.C. § 1461, *et seq.* ("HOLA"), under 12 C.F.R. § 560.2(b)(10) (preempting state laws impacting "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages"). *See Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1005 (9th Cir.2008); *Giordano v. Wachovia Mortg., FSB*, 2010 WL 5148428, at *5 (N.D. Cal. 2010) (noting that § 2934a may be preempted by HOLA because state laws governing foreclosure proceedings affect lending, giving rise to a presumption of preemption).

12

Case No.: 11-cv-02920-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE

particular case may be. *See id.* at 398-401 (holding that it was error for the appeals court to disregard res judicata principles).[5]

## IV. CONCLUSION

Plaintiff's twenty-six causes of action are barred under res judicata and therefore cannot be cured by amendment. Accordingly, the Court therefore GRANTS Defendants' Motion to Dismiss with prejudice. Because the case in its entirety is dismissed with prejudice, the case management conference scheduled for December 1, 2011 is no longer necessary and is hereby VACATED. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: November 30, 2011

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

---

[5] As the Supreme Court has made clear, "an 'erroneous conclusion' reached by the court in the first suit does not deprive the defendants in the second action 'of their right to rely upon the plea of *res judicata*. . . . A judgment merely voidable because based on an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause [of action]." *Federated Dep't Stores*, 452 U.S. at 398 (quoting *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 325 (1927)).

13
Case No.: 11-cv-02920-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE