1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| URSULA Q. QUINTO, an individual, )<br><br>                    Plaintiff, )<br>v.                                       )<br>                                         )<br>JPMORGAN CHASE BANK, a National )<br>Association F/K/A WASHINGTON MUTUAL )<br>BANK; CALIFORNIA RECONVEYANCE )<br>COMPANY, a California Corporation; ; and )<br>DOES 1 through 50, inclusive, )<br>                                         )<br>                    Defendants. )<br>                                         )<br>                                         )<br>_____ ) | Case No.:  5:11-CV-02920-LHK<br><br>ORDER GRANTING MOTION TO<br>EXPUNGE NOTICE OF PENDENCY OF<br>ACTION |

On March 8, 2012, Defendants JPMorgan Chase Bank, N.A. ("JPMorgan") and California Reconveyance Company ("CRC") (collectively "Defendants") filed the instant Motion to Expunge a Notice of Pendency of Action pursuant to California Code of Civil Procedure § 405.32.  *See* ECF No. 27 ("Mot.").  Plaintiff Ursula Quinto ("Plaintiff") filed an untimely opposition on May 1, 2012. *See* ECF No. 29.  Pursuant to Civil Local Rule 7-1(b), the Court finds this motion suitable for decision without oral argument, and accordingly VACATES the motion hearing set for July 12, 2012.  Having considered the documents submitted and the relevant law, the Court GRANTS Defendants' Motion to Expunge.

## I.    BACKGROUND

United States District Court
For the Northern District of California

1    This case arose out of a mortgage transaction between Plaintiff and Washington Mutual

2    Bank, FA, concerning property located at 1367 King Road, San Jose, California (the "Subject

3    Property").[1]  *See* Compl. ¶ 2.  On May 3, 2011, Plaintiff initiated this lawsuit by filing a complaint

4    with the Santa Clara County Superior Court, which Defendants removed to federal court on June

5    14, 2011.  *See* ECF No. 1.  On August 2, 2011, Plaintiff recorded a Notice of Pendency of Action

6    with the County of Santa Clara as Document No. 21264903 against the Subject Property.  *See*

7    Decl. of Heather E. Abelson ("Abelson Decl.") ¶ 9 & Ex. 8.

8    On November 30, 2011, the Court issued an Order granting Defendants' Motion to Dismiss

9    with Prejudice.  *See* ECF No. 26.  On January 30, 2012, Defendants allegedly asked Plaintiff to

10   voluntarily dismiss the Notice of Pendency of Action, in light of the Court's dismissal of the

11   action.  Abelson Decl. ¶ 12.  Plaintiff has not voluntarily dismissed the Notice of Pendency of

12   Action.  On March 8, 2012, Defendants filed the instant Motion to Expunge the Notice of

13   Pendency Action (also referred to as a motion to expunge *lis pendens*).  *See* ECF No. 27.  Plaintiff

14   failed to file an opposition by her response deadline of March 22, 2011.  *See* Civil L.R. 7-3(a).

15   Plaintiff did not seek leave of the Court to file her untimely response, which Plaintiff filed on May

16   1, 2012, long after both her opposition deadline and Defendants' reply deadline.  Defendants

17   therefore had no opportunity to respond to Plaintiff's opposition.  The Court therefore STRIKES

18   Plaintiff's untimely and unauthorized opposition.[2]

19   **II.     DISCUSSION**

20       **A.  Expungement of Lis Pendens**

21

22   _____

23   [1] A more detailed recitation of the underlying facts and procedural history of this case can be found in the Court's November 30, 2011 Order Granting Defendants' Motion to Dismiss With Prejudice. *See* ECF No. 26.

24   [2] Even if the Court were to consider Plaintiff's untimely opposition, nothing in Plaintiff's opposition rebuts Defendants' showing that they are entitled to an order expunging the Notice of

25   Pendency of Action.  Plaintiff notes in her attached declaration that she has filed a bankruptcy petition and attempts to invoke the protection of the automatic stay provision pursuant to 11 U.S.C.

26   § 362.  *See* Decl. of Ursula Q. Quinto, ECF No. 29 ("Quinto Decl."), ¶ 12 & Ex. A.  The automatic stay provision, however, applies only to actions *against* the debtor, not actions *commenced by* the

27   debtor.  This action was commenced by Ms. Quinto against Defendants, and thus the automatic

28   stay provision does not apply here.

Case No.: 5:11-CV-02920-LHK
ORDER GRANTING MOTION TO EXPUNGE LIS PENDENS

United States District Court
For the Northern District of California

1    Federal courts look to state law in matters concerning lis pendens.  *See* 28 U.S.C. § 1964;

2    *see also Carnero v. Federal Home Loan Mortg. Corp.*, 11-CV-1029-WHA, 2012 WL 195408, at

3    *2 (N.D. Cal. Jan. 23, 2012).  Under California law, at any time after a notice of pendency of

4    action has been recorded, any party may apply to the court in which the action is pending to

5    expunge the notice.  Cal. Code Civ. Pro. § 405.30.  A court must expunge a notice of pendency of

6    action if it determines either that the pleading on which the notice is based does not contain a real

7    property claim, or that the claimant has not established by a preponderance of the evidence the

8    probable validity of the real property claim.  Cal. Code Civ. Pro. §§ 405.31, 405.32.

9    As evident in the Order Granting Defendants' Motion to Dismiss issued on November 20,

10   2011, the Court has dismissed Plaintiff's case with prejudice.  *See* ECF No. 26.  As a result of the

11   Court's outright dismissal of Plaintiff's claims, Plaintiff is left without a real property claim and

12   cannot establish the probable validity of such a claim in this case.  *See Cornell v. Select Portfolio*

13   *Servicing, Inc.*, Case No. 11-1462, 2011 WL 6097721, at *2 (E.D. Cal. Nov. 29, 2011).

14   Accordingly, Defendant's Motion to Expunge Notice of Pendency of Action is GRANTED.

15   **B.  Fees and Costs**

16   Defendants also seek to recover attorneys' fees and costs associated with bringing this

17   Motion.  California Code of Civil Procedure § 405.38 provides that "[t]he court shall direct that the

18   party prevailing on any motion [to expunge list pendens] under this chapter be awarded the

19   reasonable attorneys' fees and costs of making or opposing the motion unless the court finds that

20   the other party acted with substantial justification or that other circumstances make the imposition

21   of attorneys' fees and costs unjust."  As previously discussed, the underlying action was dismissed

22   with prejudice more than seven months ago, on November 30, 2011.  Plaintiff has proffered no

23   substantial justification for her failure to voluntarily dismiss the Notice of Pendency of Action.

24   Accordingly, the Court determines that Defendants are entitled to reasonable attorneys' fees and

25   costs pursuant to California Code of Civil Procedure § 405.38.

26   Defendants request a total of $695.20 in fees and $40.00 in costs.  *See* Mot. at 5; Abelson

27   Decl. ¶ 13.  According to the Abelson Declaration, Defendants have spent one hour drafting this

28   motion, and Defendants expect to spend another two hours preparing for and attending the hearing

3

on this Motion.  Defendants' attorneys' fee request is based on a billing rate of $218.40 per hour, multiplied by three hours.  Because the Court vacates the July 12, 2012 hearing on this Motion, Defendants are not entitled to fees associated with preparation for and attendance of the hearing. The Court finds the remaining request for costs and fees to be reasonable.  Accordingly, the Court GRANTS Defendants' request for $218.40 in attorneys' fees and $40.00 in costs.

### III.      CONCLUSION

For the foregoing reasons, Defendant's Motion to Expunge Notice of Pendency of Action is GRANTED.  Defendants are awarded $218.40 in attorneys' fees and $40.00 in costs.

**IT IS SO ORDERED.**

Dated: July 9, 2012

_Lucy H. Koh_
LUCY H. KOH
United States District Judge